**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4174**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA LEE RANDALL, a/k/a Rude Boy,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:17-cr-00108-BHH-2)

Submitted: August 31, 2020                    Decided: September 10, 2020

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Joshua Lee Randall pled guilty to conspiracy to possess with intent to distribute cocaine, marijuana, fentanyl, and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (Count 5). The district court sentenced Randall to 135 months on Count 1 and 60 months on Count 5 for a total aggregate sentence of 195 months in prison and 5 years of supervised release.

On appeal, counsel for Randall filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of Randall's plea colloquy and the reasonableness of Randall's sentence. Randall filed a pro se supplemental brief challenging the sufficiency of the factual basis supporting his guilty plea and alleging ineffective assistance of trial counsel. We identified one potentially meritorious issue and ordered the parties to submit supplemental briefs on that issue: the procedural reasonableness of the sentence on Count 1. The parties have complied and the matter is now ripe for disposition. Having conducted a thorough review of the record, we affirm the district court's judgment.

First, we consider the voluntariness of Randall's guilty plea. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge to which the plea is offered, the penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *see United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The

2

district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or from promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). When reviewing the adequacy of a Rule 11 colloquy, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *DeFusco*, 949 F.2d at 116.

Because Randall did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of a Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Randall must "demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Heyer*, 740 F.3d 284, 290 (4th Cir. 2014). In the guilty plea context, a defendant can establish the third factor by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. *Sanya*, 774 F.3d at 816. Further, we "will not correct any error unless . . . convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that Randall has not established plain error regarding his guilty plea. The magistrate judge complied with the mandates of Rule 11 in accepting Randall's guilty plea, and Randall's answers to the magistrate judge's questions establish his understanding of the proceedings, his competency to enter his plea, and the voluntariness of his plea. *See DeFusco*, 949 F.2d at 116, 119-20. The factual basis presented at the Rule 11 colloquy is sufficient to establish that Randall possessed a firearm

in furtherance of a drug trafficking crime.* *See United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014) ("Some of the ways a firearm might further, advance, or help forward a drug trafficking crime[, as required by § 924(c)], include defending the dealer's drugs, drug profits, or his person." (alterations and internal quotation marks omitted)); *United States v. Jeffers*, 570 F3d 557, 565-66 (4th Cir. 2009) (upholding § 924(c) conviction based on evidence that defendant used, carried, or possessed a firearm in furtherance of § 846 drug conspiracy). Accordingly, we affirm Randall's convictions.

Turning to the reasonableness of Randall's sentence, we review a district court's sentence for reasonableness under an abuse-of-discretion standard, reviewing the sentencing court's legal conclusions de novo and its factual findings for clear error. *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). This review encompasses the sentence's procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

In determining procedural reasonableness, we must consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, provided the parties an opportunity to argue for an

---

\* To the extent that Randall claims that trial counsel rendered ineffective assistance at the plea colloquy, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We decline to address the ineffective assistance of counsel claim in this direct appeal because counsel's ineffectiveness does not conclusively appear on the face of the record.

appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id*. at 49-51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence." *Provance*, 944 F.3d at 218 (internal quotation marks omitted). The sentencing court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). In doing so, "[t]he sentencing judge should set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising h[er] own legal decision-making authority." *Id*. at 518 (internal quotation marks omitted) (citing *Rita v. United States*, 551 U.S. 338, 356, (2007)). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018).

However, "we will not vacate [a] sentence simply because the [district] court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006). "We do not evaluate a court's sentencing statements in a vacuum." *Id*. at 381. "The context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *Id*.

5

Moreover, we will not reverse if a sentencing error was harmless. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). The Government bears the burden of showing "that the error did not have a substantial and injurious effect or influence on the result" and "may avoid reversal only if . . . we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

Randall argues that the district court imposed a procedurally unreasonable sentence by failing to consider or to adequately explain its rejection of his nonfrivolous arguments in favor of a downward variance. At sentencing, the Government recommended a sentence of 168 months on Count 1—the top of his Sentencing Guidelines range—while Randall sought the mandatory statutory minimum sentence of 120 months or, in the alternative, a 135-month sentence at the bottom of his Guidelines range. Randall argued that he had never been incarcerated for long periods of time, a lengthy sentence would damage his relationship with his children, and that the mandatory minimum would provide a sufficient opportunity for rehabilitation.

The district court found that a 135-month sentence was "just punishment for this defendant who was a leader in one of the most violent drug gangs," and against whom the evidence was "powerful." (J.A. 146). The court imposed a sentence to "promote respect for the law, deterrence, protection of the public from violent drug conspiracies and promote the rehabilitation of the defendant" and found the most significant of the § 3553(a) factors

6

"were the ones involving protection of the public from individuals who carry firearms while they drug traffic." (J.A. 146).

Our review of the record reveals that despite noting the seriousness of the circumstances surrounding Randall's conviction, the court imposed a sentence at the bottom of the Guidelines range. This case is thus distinguishable from our precedent in *United States v. Blue* because, in *Blue*, the sentencing court accepted the Government's suggestion of a bottom-of-the-Guidelines sentence and rejected the defendant's arguments for a below-Guidelines sentence without explicitly acknowledging those arguments. *See Blue*, 877 F.3d at 517. In the present case, the district court's express rejection of Randall's motion for a variance and its implicit rejection of the Government's recommendation of a top-of-the-Guidelines sentence provides enough context to demonstrate that it considered and, to a large degree, accepted Randall's arguments in mitigation even though it did not address them explicitly. We conclude that any error by the district court in announcing its reasoning was harmless.

Having found no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), and "[t]hat presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors," *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted). Here, there is nothing in the record to overcome the appellate presumption

7

of reasonableness afforded Randall's within-Guidelines sentence. Thus, we conclude that his sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Randall, in writing, of the right to petition the Supreme Court of the United States for further review. If Randall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Randall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*